## MEDICAL MALPRACTICE REVIEW PANEL

Michael Falat
and Dorothy Falat

v.

Medical College of Virginia et al.

February 9, 1989

By JUDGE HERBERT C. GILL, JR.

Mr. McMenamin submitted a motion to dismiss the panel for want of jurisdiction on behalf of several Defendants. On January 18, 1989, counsel presented argument in regard to counsel's motion.

The cause arises from the alleged negligent care of Holly Falat, daughter of Michael and Dorothy Falat. Plaintiffs' notice of claim dated October 30, 1987, was, "a notice for both the parents' claim and the child's claim, that is, for the harm done to the child and the loss of services, cost of care and treatment, and other damages permitted by law for the parents." Plaintiffs requested review by the panel in regard to the parents' claim and not the child's claim.

The parents' claim, a derivative action, may only be maintained upon a determination that the Defendants were negligent in the care of the infant. *Norfolk Southern R.R. v. Fincham*, 213 Va. 122 (1972). Counsel for Defendants argue that liability issues in respect to the parents' claim are beyond the scope of the panel's statutory authority and that the panel is precluded from determining negligence in regard to the care of the child unless the claim is presented on behalf of the child. Counsel further argues that the Court, as chair of the panel and legal advisor, may consider the motion pursuant to Section 8.01-581.4 of the Virginia Code.

Plaintiff's counsel argues that jurisdictional issues should be resolved by the Virginia Supreme Court and that Rule 6 of the Medical Malpractice Rules of Practice precludes the Chair from considering the motion or alternatively evidences legislative intent to avoid jurisdictional rulings upon certification of the panel. Counsel for Defendants assert that the prohibition set forth in Rule 6 presumes jurisdiction and thereby does not preclude a motion to dismiss for want of jurisdiction submitted prior to ore tenus hearing.

Upon consideration of the notice of claim and argument presented, it is the opinion of the Chairman that the Chairman lacks the statutory authority to summarily dismiss the panel. The Chairman may only advise that the Medical Malpractice Act, remedial in nature, permits the panel to either:

1. Request that the Supreme Court reconsider certification of the matter, or

2. Hear evidence and render an opinion pursuant to Section 8.01-581.7 of the Virginia Code, or

3. Hear evidence and request that the Supreme Court reconsider certification of the matter.

The Medical Malpractice Review Panel is a creature of statute. Va. Code Ann. Section 8.01-581.1 et seq. Hence, the issue presented is what action the Chair may take within the defined scope of authority and the panel's role relative to the statutory provisions.

The Chairman of the panel has a limited role in the review process. The Chairman "shall advise the panel relative to any legal question involved in the review proceeding and shall prepare the opinion of the panel as provided in Section 8.01-581.7." Va. Code Ann. Section 8.01-581.4 (1988 Supp.). Pursuant to Section 8.01-581.7 of the Virginia Code, the panel must render one or more of the following opinions:

1. The evidence does not support a conclusion that the health care provider failed to comply with the appropriate standard of care;

2. The evidence supports a conclusion that the health care provider failed to comply with the appropriate standard of care and that such

failure is a proximate cause in the alleged damages;

3. The evidence supports a conclusion that the health care provider failed to comply with the appropriate standard of care and that such failure is not a proximate cause in the alleged damages; or

4. The evidence indicates that there is a material issue of fact, not requiring an expert opinion, bearing on liability for consideration by a court or jury.

Pursuant to Section 8.01-581.11 of the Virginia Code, the Virginia Supreme Court has promulgated certain rules to carry out the provisions of the Medical Malpractice Act. Rule 6(k)(3) regarding the procedure at hearing provides:

Preliminary motions may be made except that no demurrers, motions to dismiss, or motions to strike will be permitted.

Upon convening on February 27, 1989, the Chairman will further advise the panel as to the procedural options. It is within the sound discretion of the panel which option is appropriate given the circumstances presented.